O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MICHELLE M. RICHARDSON,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

Case No. CV 11-9493-OP

MEMORANDUM OPINION AND ORDER

The Court[1] now rules as follows with respect to the disputed issue listed in the Joint Stipulation ("JS").[2]

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (ECF Nos. 10, 11.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR") and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards

(continued...)

**I.**

**DISPUTED ISSUE**

As reflected in the Joint Stipulation, the sole disputed issue raised by Plaintiff as the ground for reversal and/or remand is whether the administrative law judge ("ALJ") properly considered Plaintiff's residual functional capacity ("RFC") for the mental demands of work. (JS at 4.)

**II.**

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

/ / /

/ / /

---

[2](...continued) set forth in 42 U.S.C. § 405(g). (ECF No. 6 at 3.)

III.

**DISCUSSION**

**A. The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairment of degenerative disc disease of the lumbar spine and obesity. (AR at 17.) The ALJ further found that Plaintiff had the RFC to lift and carry twenty pounds occasionally and ten pounds frequently; stand/walk six hours in an eight-hour workday; sit six hours in an eight-hour workday; with the limitations of no ladder/rope/scaffold climbing, and avoidance of concentrated exposure to vibration, unprotected heights, and dangerous machinery. (Id. at 18.)

Relying on the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff was able to perform her past relevant work of in-home support service (Dictionary of Occupational Titles ("DOT") No. 309.677-010). (AR at 21.)

**B. The ALJ Properly Evaluated Plaintiff's Mental Impairment.**

On June 24, 2008, psychological consultative examiner, Isadore Wendel, PhD, performed a comprehensive mental examination on Plaintiff. (Id. at 327-30.) In that report, Dr. Wendel opined that Plaintiff "has a variable impairment in concentration, persistence, and pace, and analogous to her impairment in activities of daily living," and "would evidence repeated episodes of emotional deterioration in work-like situations over time." (Id. at 330.) Plaintiff contends the ALJ improperly rejected Dr. Wendel's opinion, and instead erroneously relied on the February 5, 2008, opinion of reviewing examiner, Brady Dalton, PsyD.

Plaintiff contends that the ALJ's reliance on Dr. Dalton's opinion was improper for several reasons. She notes that Dr. Dalton reviewed two separate medical source statements that are not in the record and, therefore, do not

"constitute evidence at all."[3] (JS at 4-5, 6.) Moreover, the medical statements Dr. Dalton relied on were both dated prior to Plaintiff's date of onset of November 19, 2007. (Id. at 6.) Plaintiff argues that Dr. Wendel's report provided evidence that Plaintiff's mental condition had deteriorated, and that there was no evidence to the contrary dated after November 19, 2007. (Id.) She also argues that the two reports on which Dr. Dalton relied were of limited probative value because of their remoteness in time. (Id.) She contends that where the opinions of an examining physician such as Dr. Wendel, and a non-examining physician such as Dr. Dalton, are inconsistent, greater weight should be given to the examining physician because that opinion is based on independent clinical findings. (Id.)

The opinion of an examining physician is entitled to greater weight because the physician has had the opportunity to observe the patient and assess the patient's impairments. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The opinion of a reviewing physician who has never examined the claimant, is not usually entitled to great weight. 20 C.F.R. § 404.1527(d). The ALJ may only give greater weight to a non-examining physician's opinion when there is significant evidence in the record supporting that opinion. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999). The opinion of an examining physician can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. Id. at 603-04 (citing Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995)).

Here, the ALJ commented that Dr. Dalton "found no severe mental impairment." (AR at 19.) The ALJ gave no weight to the opinion of Dr.

---

[3] Dr. Dalton reviewed two reports from Dynasty Medical Group, dated November 2006 and July 2007. (AR at 293.) These reports are not in the record.

Wendel because Dr. Wendel's findings were "not consistent with the findings from the mental status examination which were essentially within normal limits." (Id. at 20.) In her mental status examination, Dr. Wendel noted that Plaintiff had normal concentration, was alert and coherent, had adequate impulse control, a pleasant affect, adequate memory, and good insight. An ALJ may properly reject a physician's opinions that are internally inconsistent or inconsistent with the physician's treatment notes. Morgan, 160 F.3d at 602-03; Johnson v. Shalala, 60 F.3d 1428, 1433 (9th Cir. 1995) (an ALJ may properly reject medical opinions that are inconsistent with contemporaneous findings). This appears to be the situation with Dr. Wendel's report.

The ALJ concluded that Plaintiff has "mild restrictions in activities of daily living; mild difficulties in maintaining social functioning; mild difficulties in maintaining concentration, persistence or pace; and no episodes of decompensation, each of extended duration." (Id.) In rejecting Dr. Wendel's findings, he also noted there were "no medical records to suggest that [Plaintiff] has repeated episodes of emotional deterioration in work-like situations over time." (Id.) These are specific and legitimate reasons for discounting a physician's opinion. Batson v. Comm'r of Soc. Sec., 359 F.3d 1190, 1195 (9th Cir. 2004) (an ALJ may discredit a physician's opinions that are unsupported by the record as a whole, or by objective medical findings). Plaintiff has pointed to no medical records to contradict this finding.[4] There was a conflict in the record, and it is "solely the province" of the ALJ to

---

[4] Plaintiff contends merely that Plaintiff's sister's function report supports Dr. Wendel's opinion. (JS at 11.) The ALJ rejected this report for the same reasons he rejected Dr. Wendel's opinions: "because they are not consistent with the objective findings or the claimant's treatment, as discussed . . . ." (AR at 21.) Plaintiff does not contend that this report was improperly rejected.

resolve that conflict. Andrews, 53 F.3d at 1041; see also Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) Burch v. Barnhart, 400 F.3d 676, 679 ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld") (citing Andrews, 53, F.3d at 1039-40))..

Based on the foregoing, the Court finds the ALJ properly assessed Plaintiff's mental impairment and RFC. Thus, there was no error.

**IV.**

**ORDER**

Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

DATED: July 31, 2012

HONORABLE OSWALD PARADA
United States Magistrate Judge